UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMESETTA LELAND                    CIVIL ACTION NO. 16-cv-1542

VERSUS                              JUDGE HICKS

XTO ENERGY CORP.                    MAGISTRATE JUDGE HORNSBY

REPORT AND RECOMMENDATION

**Introduction**

Jamesetta Leland ("Plaintiff"), who is self-represented, has in the past filed five frivolous civil actions. The complaints are similar in that they are largely indecipherable and fail to state a claim on which relief may be granted. Plaintiff has been warned more than once that sanctions would be imposed if she filed more frivolous suits.

Plaintiff did not heed those warnings, and this is one of two new suits that continue her pattern and make a total of seven frivolous suits. For the reasons that follow, it is recommended this complaint be dismissed. It is also recommended that Plaintiff be (1) required to obtain pre-approval from a district judge for any future filings and (2) prohibited from filing in forma pauperis without a certification of good faith from the court. A similar recommendation will issue in 16 CV 1564.

**Relevant Facts**

    **A. The 2011 Case**

Judge Foote presided over Plaintiff's first civil action in this court, <u>Leland v. XTO Energy, et al</u>, 11-cv-1298, which began with a one-page handwritten complaint that appeared to allege that the defendant oil companies were depriving Plaintiff and her relatives of royalties or other mineral revenue they were due. Plaintiff sought $480,000,000,000 in damages.

The defendants filed motions to dismiss for insufficient service and for more definite statement. One defendant also challenged venue. Judge Foote held a telephone status conference to discuss the pending motions. She was told by one defense counsel that Plaintiff did appear to own a mineral interest in Bienville Parish and was being paid for it. The judge discussed with Plaintiff the difficulties of a layperson pursuing a federal lawsuit. She ordered Plaintiff to contact certain organizations that provide legal services or referrals and attempt to obtain representation. The conference ended when the line on Plaintiff's end went dead.

A second conference was scheduled to discuss the case and pending motions, but Plaintiff could not be contacted at any of the telephone numbers she had provided. An order issued that notified Plaintiff that if she failed to participate in the proceedings the court would entertain a motion to dismiss the action for failure to comply with court orders. Plaintiff was also ordered to file opposition to the pending motions and provide the court with a telephone

number at which she could be reached. Plaintiff was warned that failure to file opposition to the motions or failure to participate in the next conference could result in dismissal of her case.

Plaintiff did not file opposition to the motions, provide a valid telephone number, or participate in the next conference. The court asked counsel to discuss the pending motions, which they did. Counsel also moved for dismissal based on Plaintiff's failure to comply with court orders. Judge Foote granted the motions to dismiss for lack of valid service and, in the alternative, the motions to dismiss for failure to comply with court orders. The court entered judgment dismissing the complaint. Plaintiff filed a notice of appeal, but the Fifth Circuit dismissed the appeal for want of prosecution after Plaintiff failed to timely file a sufficient brief and record excerpts.

### B. The 2013 Case

Plaintiff returned to this court two years later when she filed <u>Leland v. Foote</u>, 13-cv-0111. She commenced that action by filing a one-page handwritten complaint in which she accused Judge Foote of letting companies violate the law regarding the payment of rental, royalties, and bonuses. Plaintiff apparently referred to Judge Foote's handling of the prior lawsuit, but the complaint did not specifically reference it. She demanded Judge Foote pay her $480,000,000,000 in damages. Judge Hicks dismissed the complaint based on judicial immunity.

The Report and Recommendation in that case included the first of four warnings given to Plaintiff about filing meritless lawsuits. It ended with this warning: "[Plaintiff] is warned that if she files additional pleadings or complaints that are similarly lacking in legal or factual merit she may be subjected to sanctions. Those sanctions may include a bar on filing in forma pauperis or even filing at all without prior permission from a district judge."

### C. 16-cv-0999

Despite the warning, Plaintiff soon returned with three new suits. The first was filed as 16-cv-0999. Plaintiff used a form complaint in which she listed the defendants as XTO Energy Corporation and Exxon Mobil. The form asked for the basis of the federal court's jurisdiction, but Plaintiff provided no information. She did state that the amount in controversy was "150 Billion." The form asked Plaintiff to write a short and plain statement of her claim. She wrote: "Attorney General of Texas state federal (indecipherable) laws broke by XTO Energy." She was asked to state briefly what damages or relief she sought. She asked that the judge "have XTO send 150 Billion immediately" and set forth other similar demands.

### D. 16-cv-1000

The second of the suits was filed as 16-cv-1000. Under the portion of the complaint form that asked for the basis of jurisdiction, Plaintiff wrote, "Exxon state they pay 150 lease land check are to low for my land to Be leased check for 150 Billion Be Sent or 900 Billion Should Be imposed on company." The remainder of the complaint was filled with similar

handwritten demands, as well as assertions that a person who is a graduate of Century 21 told Plaintiff that she should be paid the amount she seeks.

### E. 16-cv-1020

The third suit of that wave was more of the same. Under the portion for stating a jurisdictional basis, Plaintiff wrote: "Federal Frack Laws Violate According to Attorney General of Texas complains with FTC filed." The remainder of the complaint was filled with handwritten demands for the now familiar 150 Billion amount. Plaintiff also sent to the court a note addressed to the judge that repeated the demand for 150 Billion and included a copy of a receipt for prescribed medication (which is a nasal spray used to relieve hay fever or other allergies).

### E. Dismissals and Sanctions Warnings

The three 2016 suits just described were each dismissed as frivolous and for failure to state a claim on which relief may be granted. A Report and Recommendations issued in each of the suits, and each contained the following warning of sanctions:

> Plaintiff has now filed five meritless cases with this court without being required to pay the $400 filing fee. Every paper filed with the court, no matter how repetitious or frivolous, requires some portion of the court's limited resources. A part of the court's responsibility is to see that those resources are allocated in a way that promotes the interest of justice. That requires the court to ensure that time is not wasted on frivolous cases at the expense of parties who have legitimate business before the court.
>
> Plaintiff has abused the privilege that the court has afforded her of filing civil actions without payment of a filing fee. The judges and staff of the court and clerk of court have spent numerous hours processing and resolving

Plaintiff's meritless actions, and some defendants have been required to spend money on attorneys to defend the suits.

Plaintiff will not be allowed to continue to waste the resources of the court and the community. She is warned that if she files even one more meritless case with this court she will likely be subjected to sanctions, which may include (1) a requirement that she obtain pre-approval from a district judge for any future filings, (2) a prohibition against filing in forma pauperis without a certification of good faith from the court, and (3) an order that she pay monetary sanctions. Five free, frivolous cases are enough.

### F. New Suit: 16-cv-1542

Plaintiff was not deterred by that second round of warnings. The first of her two latest complaints is more of the same. It is directed at XTO Energy, makes a vague reference to the Attorney General of Texas, and again invokes the 150 billion dollar figure. For relief, Plaintiff demands 900 billion dollars, but she is willing to accept 150 billion dollars if paid by December 5.

### G. New Suit: 16-cv-1564

This second new civil action is directed at XTO Energy and Exxon. It makes a broad assertion that the company spent 4.2 billion dollars to purchase Hunt Petroleum but did not pay rental, royalty, or bonuses. Plaintiff alleges that she went one year without receiving any checks from the company, but she does not allege a basis on which any amounts were due. The complaint is again filled with references to 150 billion dollars, and it provides an account number for the payment of funds.

**Analysis**

Plaintiff is proceeding in forma pauperis. The court is authorized by 28 U.S.C. § 1915(e)(2) to dismiss a pauper complaint "at any time" if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. The statute gives the court authority to screen the proceeding for frivolousness or maliciousness even before service of process or the filing of the answer. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). And a district court may dismiss any action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). Sua sponte recommendation of dismissal is fair because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to possible dismissal. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998)

To survive a Rule 12(b)(6) review, "a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

The facts alleged, taken as true, must state a claim that is plausible on its face. Amacker v. Renaissance Asset Mgmt. LLC, 657 F.3d 252, 254 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

Iqbal, 129 S.Ct. 1937, 1949 (2009).  A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Id. (quoting Twombly, 127 S.Ct. at 1965).

Plaintiff's complaint in this action, as in her other recent complaints, does not set forth facts that state a claim that is plausible on its face.  The writings on the form complaints do little more than demand payment of billions of dollars.  The complaints do not identify a contract or lease provision as a basis for a claim.  They also contain no direct or even implied reference to a statute or other provision of law that might support a cause of action.  There is not even a formulaic recitation of the elements of a cause of action.

The two new complaints, separately or together, do not come close to stating an actionable claim that would merit proceeding further with this litigation and taxing the resources of the defendant(s) and the court.  Each complaint should each be dismissed because it is frivolous and fails to state a claim on which relief may be granted.

**Sanctions Recommendation**

Plaintiff has now filed seven meritless cases with this court without being required to pay the $400 filing fee.  As noted in the prior warnings, the court has a responsibility to see that its resources are allocated in a way that promotes the interests of justice. Martin v. Dist. of Columbia Court of Appeals, 113 S.Ct. 397, 398 (1992).  It is evident that Plaintiff has abused the privilege that the court has afforded her of filing civil actions without payment

of the filing fee, which has resulted in a waste of resources at the expense of litigants with business before the court.

A sanction adequate to deter such waste is in order. A court "may structure sanctions necessary or warranted to control its docket and maintain the orderly administration of justice." Goldgar v. Office of Administration, 26 F.3d 32, 36 n. 3 (5th Cir. 1994). Among the available sanctions is a requirement that a litigant "obtain judicial pre-approval of all future filings" or a prohibition against any more in forma pauperis actions without a certification of good faith from the court. Id. Judges in this division have rarely ordered such sanctions, but the sanction has sometimes been found to be the only way to stop a persistent filer of frivolous litigation. See, e.g., Raz v. Storey, 99 CV 1850, Doc. 282; Simmons v. Malone, 06 CV 200, Docs 12 and 19; Johnson v. Graves, 07 CV 22, Docs. 5 & 7; and Blackwell v. Overton Brooks Medical Center, 05 CV 415, Docs. 19 and 20. The sanctions order in each of those cases ended a string of frivolous actions filed by a pro se plaintiff who had needlessly wasted hundreds of hours of work by judges and chambers employees.

Similar action is appropriate in this case to avoid more wasted resources required by Plaintiff filing additional frivolous complaints. She will almost certainly continue to do so absent preventive measures; warnings have had no effect. The circumstances before the court—seven civil actions all found to be frivolous—warrant an order that the Clerk of Court not file any civil complaint submitted by Plaintiff unless the complaint has been presented

first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. Any motion to proceed in forma pauperis that accompanies such a complaint should also be directed to a district judge for action. Those measures will protect the resources of the judiciary and the public without unduly burdening Plaintiff's ability to access the courts if she ever has a good faith complaint. An order that Plaintiff pay monetary sanctions as a condition to any future filings is warranted, but it is not recommended because it appears that Plaintiff's actions are likely the result of a mental disease or deficiency.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice for failure to state a claim on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be ordered to decline to file any civil complaint submitted by Jamesetta Leland unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. It is also recommended that any motion to proceed in forma pauperis that accompanies such a complaint be referred to a district judge for action.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of November, 2016.

Mark L. Hornsby
U.S. Magistrate Judge